TREVOR G. BRYAN, Judge Pro Tern.,
concurs in part, dissents in part.
Although I agree with the majority opinion on the exception of no right of action, I disagree with the conclusion reached by the majority on the exception of prematurity/lack of subject matter jurisdiction. Specifically, I do not agree that once Dr. Rao submitted proof of his employment with the state, the burden shifted to the plaintiffs to prove that defendant was acting outside the scope and course of his employment with the state with respect to the alleged malpractice.
La.R.S. 40:1299.39(A)(l)(a) provides that state employees “when acting within the course and scope of their duties in providing health care in connection with such state entity” are covered by the malpractice act. Subsection (l)(b) of the same statute states that “persons” covered by this part “shall not mean or include any individual acting in a professional capacity in providing health care services not by or on behalf of the state.”
Because the malpractice act derogates from the common law right to sue, those who invoke its benefits have the burden to show entitlement to its protection.